UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FREDERICK BROUCHET ET AL** | **CASE NO. 2:24-CV-00148** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is the "United States Motion to Dismiss" (Doc. 9), wherein Defendant moves to dismiss this lawsuit for lack of jurisdiction.

## BACKGROUND

This lawsuit involves Plaintiffs' complaint that the Department of Veterans' Affair ("VA") improperly denied Plaintiff, Frederick Brouchet, and Arthur Cormier veteran benefits. Plaintiff, Tammy Cormier is the wife of Arthur Cormier. Plaintiffs seek to recover damages for the harm caused by the alleged negligent failure of the VA to address the longstanding delays and denials contrary to constitutional rights afforded to protect veterans' rights.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995). The party asserting jurisdiction has the burden of pleading and proving that the Court has subject matter jurisdiction and must do so by a preponderance of the evidence. *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true, and the Court evaluates the sufficiency of those allegations. *Isom v. Louisiana Off. of Juv. Just.*, No. CV 21-00013, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981)). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992)).

## **LAW AND ANALYSIS**

First, the United States maintains that it has not waived sovereign immunity, thus the Complaint must be dismissed because this Court lacks subject matter jurisdiction. Next, the United States maintains that the Complaint must be dismissed because this Court lacks jurisdiction pursuant to the Veterans' Judicial Review Act ("VJRA").

*Sovereign Immunity*

Sovereign immunity shields the Federal Government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). Without the express intent by Congress to waive the United States' sovereign immunity for a particular action, a plaintiff cannot recover against the United States. Therefore, Plaintiffs' burden to establish jurisdiction includes identifying an express waiver of the United States' sovereign immunity. In the absence of a waiver of sovereign immunity, this Court lacks subject matter jurisdiction over a claim involving the United States. *United States v. Mitchell*, 463 U.S. 206 (1983); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007). Sovereign immunity not only protects the United States from

liability, it also deprives the court of subject matter jurisdiction over claims against the United States. *Id*. In determining whether subject matter jurisdiction exists, "[c]ourts must strictly construe all waivers of the federal government's sovereign immunity, [resolving] all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

The United States has not waived its sovereign immunity as to review of Department of Veterans Affairs (VA) decisions or procedures by any court other than the United States Court of Appeals for Veterans Claims (Veterans Court)1, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. *In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998).

Because there has been no waiver of sovereign immunity, Plaintiffs' complaint must be dismissed for lack of jurisdiction.

*Lack of Jurisdiction Pursuant to the VJRA*

The United States also maintains that this Court lacks jurisdiction because the VJRA prohibits individuals from disputing their benefits determinations, or VA decisions affecting those determinations, in Federal District Courts. 38 U.S.C. § 511. The United States argues that Plaintiffs' claims cannot be disguised as claims under the Federal Tort Claims Act ("FTCA") to create subject matter jurisdiction.

The VJRA provides in pertinent part that the "Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a) (emphasis added). Under the VJRA, the Secretary's decisions may only be appealed to the

Board of Veterans' Appeals (an entity within VA), whose decisions may be appealed to the Court of Appeals for Veterans Claims, then to the Court of Appeals for the Federal Circuit, and finally to the Supreme Court. *See* 38 U.S.C. §§ 7104, 7252, 7292. Federal District Courts are expressly excluded from this process. *See* Programs Enhancement Act of 1998, Pub. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, 3342. 38 U.S.C. § 511(b); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994).

Numerous circuits have made clear that, pursuant to this statutory scheme, there is no subject matter jurisdiction in district court over claims that involve questions of fact or law relating to veterans' benefits. *See Sugrue*, 26 F.3d at 12; *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 414 (5th Cir. 2013); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012); *Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. 2006); *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000); *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992).

This is true even where a plaintiff attempts to frame a benefits dispute as another cause of action. *Sugrue*, 26 F.3d at 11 ("Although Sugrue's complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms . . . . Similarly, neither the Privacy Act nor the FOIA may be used as a rhetorical cover to attack VA benefits determinations. . . ."); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992) (distinguishing facial

attacks against legislation affecting veterans from "other constitutional and statutory claims" relating to benefits, over which district courts do not have jurisdiction).

As such, this Court lacks subject-matter jurisdiction over Plaintiffs' claims.

## CONCLUSION

For the reasons explained herein, the Court will grant the United States Motion to Dismiss (Doc. 9) and dismiss this lawsuit without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 10th day of October, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE